United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMONTE D. STARKS,<br>　　　　　Petitioner,<br>　　v.<br>STU SHERMAN,<br>　　　　　Respondent. | Case No. 17-cv-03309-EMC<br><br>**ORDER TO STAY THE ACTION AND ADMINISTRATIVELY CLOSE THE ACTION** |

　　　　Demonte D. Starks filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2015 conviction for first degree murder and shooting from a motor vehicle, for which he received a sentence of fifty years to life in prison. The Court ordered Respondent to show cause why the petition should not be granted, and Respondent filed an answer to the petition.

　　　　Mr. Starks then filed a traverse in which he appears to request a stay of these proceedings so that he can exhaust state court remedies for one or more new claims he wishes to present regarding the sentence enhancements he received under California Penal Code sections 12022.53 and 12022.7. Docket No. 11. Although he does not explicitly request a stay or use the word "stay," a stay is what he needs to accomplish his stated goal of presenting more claims to this Court that he has not yet presented to the state courts.

　　　　There are two kinds of stays available in a habeas action: the *Rhines* stay and the *King/Kelly* stay. A stay under *Rhines v. Weber*, 544 U.S. 269 (2005), "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. *Id.* at 277-78. The *King/Kelly* stay is the second kind of stay and is an

alternative method to deal with a petitioner who has some unexhausted claims he wants to present in his federal habeas action. Under the procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." *King v. Ryan*, 564 F.3d 1133, 1134 (9th Cir. 2009) (citing *Kelly*, 315 F.3d at 1070-71). A petitioner seeking to avail himself of the *Kelly* three-step procedure is not required to show good cause as under *Rhines*, but rather must eventually show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations. *King,* 564 F.3d at 1141-43.

Mr. Starks makes no effort to show his entitlement to a stay under *Rhines*. He is not entitled to a *Rhines* stay because he does not show good cause for his failure to exhaust state court remedies for his claims before filing his federal petition.

A *King/Kelly* stay is less demanding than a *Rhines* stay, and the only currently applicable requirement for a *King/Kelly* stay is that the petition sought to be stayed has no unexhausted claims. Mr. Starks' petition satisfies that that requirement. Whether the new claims that Mr. Starks intends to exhaust will relate back to the petition and/or comply with the statute of limitations can be decided when he returns after exhausting state court remedies and moves to amend his petition to add the newly-exhausted claim(s). The court will grant a *King*/*Kelly* stay so that Mr. Starks may exhaust state court remedies for claims he wishes to present to this Court. Mr. Starks must file his state court petition containing the claim(s) in state court within sixty days of the date of this order, and must return to federal court within thirty days of a final decision by the state courts on the claim(s). *See Kelly*, 315 F.3d at 1070.

The Court deems the traverse to include a request for a stay and abeyance and **GRANTS** that request. Docket No. 11. After Mr. Starks concludes his state court efforts to exhaust his new claim(s), he may file in this Court a motion to file an amended federal petition in which he

2

presents all his claims, including the new claim(s).

For the foregoing reasons, this action is now **STAYED** and the Clerk shall **ADMINISTRATIVELY CLOSE** the action. Nothing further will take place in this action until Mr. Starks exhausts any unexhausted claims and, within thirty days of doing so, moves to reopen this action, lift the stay and amend his petition to add the newly exhausted claim(s).

**IT IS SO ORDERED**.

Dated: July 13, 2018

EDWARD M. CHEN
United States District Judge